JOANOS, Judge.
Appellants, Attorneys General of Florida and Delaware, separately appeal from a final judgment in which the trial court authorized a joint venture between the Alfred I. duPont Trust (Trust) and the Florida East Coast Railway (FEC). The appeals are consolidated for review. We affirm.
Pursuant to Section 737,403, Florida Statutes the trial court authorized the proposed joint venture. The trial court presumed that a conflict existed, but did not determine if the trustees had conflicts of interests which should or could preclude them from acting.[1]
Appellants’ arguments focus upon the trustees’ conflicts of interest. There is no argument that Section 737.403 is invalid or that it would not allow the trial court to proceed under the assumption that a conflict of interests exist. Here, the trustees properly petitioned the court for authorization of .the joint venture and the trial court authorized it without regard to the existence of conflicts of interests which would disqualify the trustees to act. No abuse of discretion has been shown.
Accordingly, we affirm.[2]
SMITH and BOOTH, JJ., concur.

. In Delaware v. Belin, 456 So.2d 1237 (Fla. 1st DCA 1984), this Court affirmed the trial court's determination that there were no conflicts of interests which would disqualify the trustees of the Alfred I. duPont Trust.

. Prior to disposition of these appeals, appellees moved to dismiss the action based upon the sole issue being moot since FEC and the Trust had abandoned the joint venture. Our review of the merits precludes dismissal. Appellees’ motion to dismiss is denied.